## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

Lyon Financial Services, Inc., a
Minnesota corporation, d/b/a US
Bancorp Manifest Funding Services,
with its principal offices in Marshall,
Minnesota,

                    Plaintiff,

    vs.

Christian Tse Corporation; Christian
Tse, personally; Victoria Tse,
personally; and JBP International, Inc.
d/b/a Proquest Solutions, jointly and
severally,

                    Defendants.

Civil Case No. 08-5386-MJD/AJB


**THE CHRISTIAN TSE DEFENDANTS'
COMBINED MEMORANDUM IN
OPPOSITION TO MOTION TO
REMAND AND IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT,
DISMISSAL, OR TRANSFER**

## INTRODUCTION

The Court may have a sense of *déjà vu* when considering this case. The same

attorneys argued the same basic issue involving the same Plaintiff in the matter of *Lyon*

*Financial Services, Inc., the Carl Riccoboni, MD,* U.S. District Court File No. 02-CV-

4215 (Judge Michael J. Davis presiding). This case involves a different Defendant and

slightly different facts, but the same underlying legal issue. Ultimately, this case should

be resolved through summary judgment in the same manner as *Riccoboni. Id.* (a copy of

the Order granting summary judgment is attached to the Declaration of Robert Gust as

Exhibit 1).

Plaintiff commenced this action in Lyon County District Court. Christian Tse

Corporation, Christian Tse, and Victoria Tse (the "Christian Tse Defendants") removed it

to Federal Court, and Plaintiff now seeks to remand it.  The Christian Tse Defendants

assert that the case was properly removed and that the Court can resolve the matter by

summary judgment, dismissal for lack of personal jurisdiction, or a transfer based upon

venue.  For the Court's benefit, the Christian Tse Defendants have consolidated their

response to the motion to remand with their memorandum in support of their motions.

## **FACTUAL BACKGROUND**

Defendant Christian Tse Corporation is organized under the laws of California and

has its principal place of business in Pasadena, California.  *See* Complaint ¶ 2 and

Declaration of Christian Tse ¶ 2.   Defendant JBP International, Inc. d/b/a Proquest

Solutions ("Proquest") (which is named as a defendant but has not answered or otherwise

defended) contacted Christian Tse Corporation in order to sell it certain equipment.  Tse

Declaration ¶ 4.  The Christian Tse Defendants agreed to acquire the equipment and, as

almost an afterthought, Proquest suggested that the equipment be acquired through a

lease because it could offer a favorable interest rate.  *Id.*   Proquest then arranged to

provide the Christian Tse Defendants with the necessary lease documents through an

entity known as Fernwood Capital.  *Id.* at ¶¶ 4 and 5.

At Proquest's direction, Christian Tse Corporation executed the lease and

Christian and Victoria Tse executed personal guarantees.  *See* Complaint, Exhibits A and

B.  The actual lease did not contain an interest rate, but merely a payment schedule.  *Id.*

Sometime after it was signed and after the equipment had been delivered, Christian Tse

Corporation calculated the effective interest rate and realized that it was not what had

been represented.  Tse Declaration ¶ 5.  As a result, the Christian Tse Defendants

determined that their regular bank could provide a much better rate. *Id.* Prior to making any payments to Plaintiff, the Christian Tse Defendants contacted Proquest and Fernwood to request that the lease be changed to Bank of America. *Id. ¶ 6.*

Proquest subsequently sent a letter to Christian Tse Corporation indicating that Lyon Financial would agree to rescind the lease transaction upon the payment of $45,000, and directed that the funds be sent to Proquest. *See* Tse Declaration, Exhibit 3. Bank of America did, in fact, issue a check for $45,000.00 payable to Proquest, but that money was not forwarded to Lyon Financial. *Id.* Instead, the check was given to Jaime Perez of Proquest, and he apparently absconded with it. *Id. ¶6.* Plaintiff is fully aware of what happened, as it entered into a settlement by which Proquest would pay those amounts. *Id.* at Exhibit 3. However, the settlement was apparently not honored, and this lawsuit ensued.

Throughout this process, the Christian Tse Defendants never spoke with or negotiated with anyone in Minnesota or anyone identifying themselves specifically as a representative of US Bancorp or its subsidiaries. *Id. ¶ 3.* Rather, the Christian Tse Defendants considered Proquest and Fernwood to be the agents of the lessor. *Id. ¶ 6.*

## PROCEDURAL BACKGROUND

The Christian Tse Defendants were served in the middle of September of 2008. The Complaint seeks damages of $62,640.90, plus unspecified attorneys' fees as provided by the contract. Within the required time, the Christian Tse Defendants removed the matter to Federal Court and served and filed an Answer.  Plaintiff now seeks to

remand based upon an affidavit stating that they will not seek to collect more than $12,359.00 in fees.

Prior to the removal, the Christian Tse Defendants attempted to locate the responsible persons at Proquest without success. *See* Notice of Removal. In addition, the attorney for the Christian Tse Defendants attempted to ascertain the relevant information from the California Secretary of State website without success. *Id.* More importantly, Christian Tse's attorney contacted the office of the Plaintiff's attorney on two occasions to inquire about whether service had been accomplished on Proquest and both times was told that it had not. *Id.*

As it turns out, Proquest was served in May of 2008, but has not answered or otherwise defended. *See* Affidavit of Ronald Seanor in Support of Motion to Remand. Subsequent to the disclosure of that information, the attorney for the Christian Tse Defendants contacted the Registered Agent for JBP and was advised that he had merely incorporated the entity and had been trying without success to reach it. *See* Declaration of Robert Gust ¶3.

## DISCUSSION

### A.      The Case was Properly Removed and the Court Should Retain Jurisdiction.

Plaintiff admits that attorneys' fees are included in the calculation of the jurisdictional amount when, as here, there is a contract provision for such recovery. The Complaint does not contain any information regarding the amount of the attorneys' fees, and it does not provide for any cap on those fees. Rather, subsequent to the Removal, Plaintiff submitted documents indicating that it would cap the fees so that the total

recovery would not exceed $75,000.  Plaintiff's actions are not enough to invalidate this Court's jurisdiction.

The United States Supreme Court long ago held that a plaintiff cannot obtain a remand by changing its claim after removal by stipulation, affidavit, or amendment.  *See St. Paul Mercury Indemnity Co. v.  The Red Cab Co*., 303 U.S. 283, 292, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938).  As stated therein:

> We think this well established rule is supported by ample reason.  If the Plaintiff could, no matter how bona fide his original claim in the State Court, reduce the amount of his demand to defeat federal jurisdiction, the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice. The claim, whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election.

*Id.* at 303 U.S. 294, 58 CT. 593.

This rule remains the law today. In *Zido v. Werner Enterprises, Inc.,* 498 F. Supp., 2nd  512, 513 (N.D.N.Y. 2006), the Court stated:

> The Court reads and considers the dollar amount of Plaintiffs' claims as contained in the Complaint when considering removal/remand, and will not allow Plaintiff to change the amount at later dates for the purpose of frustrating a defendant's attempt to exercise removal.

Similarly, in *Ray Mart, Inc*. v. *Stock Building Supply of Texas, L.P*., 435 F. Supp 2d 578, 586 (E.D.Tex. 2006), the Court stated:

> The jurisdictional amount is determined at the time of removal; the plaintiff cannot avoid federal jurisdiction by later stipulating to an amount of damages below the jurisdictional minimum.

The issue then becomes whether a fair reading of the Complaint indicates an amount in controversy in excess of $75,000.  The Petition for Removal asserts a good

faith belief that the legal fees would easily exceed the amount necessary for the claim to

be above $75,000.  The Court has ample experience reviewing and approving fee awards

and can take judicial notice of the likelihood that the fees would exceed $12,359.00.

Furthermore, the case law establishes that the Court can consider post-removal evidence

in determining whether the requisite amount is in controversy.  *See Mattel, Inc. v. Bryant*,

441 F.Supp.2d 1081, 1092 (C.D. Cal. 2005) ("[C]ourt can consider post-removal

evidence in determining whether the requisite amount is in controversy").

Determining the specific amount of the fees is obviously not possible in advance.

In *Beaver v. NPC International, Inc*., 451 F.Supp.2d 1196 (D.Ore. 2006), the court found

it more likely than not that there would be more than $38,000 in fees in a relatively

uncomplicated employment law case.  Indeed, the idea that any federal court litigation

involving parties from different states could be completed for less than $13,000 in fees is

inherently unreliable.

The Christian Tse Defendants have submitted the Declaration of Robert Gust

indicating, among other things, that the defendant in the *Riccoboni* case paid $9,260.15,

and there were no depositions, settlement conferences, trials or appeals in that case.  *See*

Gust Declaration ¶ 4.  While this matter could be resolved on summary judgment in favor

of the Christian Tse Defendants, the fact issues regarding agency will either be resolved

against Plaintiff or will require a trial.  In this case, the Christian Tse Defendants

anticipate taking up to five out-of-state depositions, and it is reasonable to expect Plaintiff

to take at least two.  Add to that the motions, conferences, and trial, and there are easily

fifteen attorney days worth of time.  Even if Plaintiff could use an hourly rate well below market, the minimum is still easily met.

Ultimately, the issue is not whether Plaintiff's fees will exceed the $12,359 threshold.  The issue is whether a reasonable reading of the Complaint, coupled with the normal understanding regarding fees, is sufficient to confer diversity jurisdiction.  *See Ray Mart, supra,* at 435 F. Supp. 2d 587.   In other words, at the time of removal, was it more likely than not that the matter in controversy exceeded the sum or value of $75,000, exclusive of interest and costs. *See Mattel, Supra* at 1093.  To avoid remand, Plaintiff must show that, <u>at the time of removal,</u> it appears to a legal certainty that the amount in controversy is less than the statutory minimum.  *Id.* at 588.

There is no dispute that this case was properly removed.  Based upon the Complaint, the case law, and normal expectations, the Christian Tse Defendants acted within their right to invoke the protections of 28 U.S.C. §1441,  in order to avoid having to try this case in Lyon County, Minnesota. The question then becomes whether a party can manipulate matters to avoid federal jurisdiction and the answer is clearly "no."

Furthermore, the failure to get the permission of a defaulting party whose whereabouts is unknown does not change that fact.  The Christian Tse Defendants tried to satisfy this requirement and even contacted Plaintiff's counsel.  The available evidence indicates that JBP International no longer exists.  Thus, because it will not be participating, it is a nominal party and its consent is not necessary or possible.  Denying the Christian Tse Defendants the protection of removal jurisdiction would not be appropriate.

**B.**     **The Christian Tse Defendants are Entitled to Summary Judgment for the Same Reasons as Dr. Riccoboni.**

Chronologically, the next issues for the Court to entertain would normally be personal jurisdiction and venue.  As a practical matter, however, the same facts are involved as with the Motion for Summary Judgment.  As a result, summary judgment will be argued first.

In *Riccoboni,* summary judgment was granted because it was determined that the seller of the equipment was the agent or at least the apparent agent of Lyon Financial, and the facts demonstrated that Dr. Riccoboni agreed to a free trial use of the equipment and properly provided notice that he did not want the equipment within the trial period.  Thus, the lease contract was deemed never to have come into existence.  *See Lyon Financial Services, Inc. v. Riccoboni* at 3 (attached to the Gust Declaration).

This case is based upon the same concept, but involves a situation where the lease agreement ceased to exist because it was rescinded.  The available evidence indicates that Lyon Financial agreed to the rescission of the lease, that such facts were communicated through Proquest, and that the Christian Tse Defendants followed that directive and did everything they were asked to do.  A check was obtained from Bank of America, which was delivered to Proquest but apparently not delivered to Plaintiff.  As a result, Christian Tse Corporation has been paying on a lease for the equipment in question to Bank of America.

In *Riccoboni,* it was significant that the plaintiff gave its lease documents to others in order to generate business.  In other words, the plaintiff provided its forms to

20160120                                    8

equipment vendors, lease agents, and others specifically to obtain business and, as a result, those people were deemed to be the plaintiff's agents or at least apparent agents. That rationale applies in this case as well.

Plaintiff has made a couple of changes to its lease form in an apparent effort to hide the fact that the documents are created and circulated by it.  Specifically, unlike in *Riccoboni*, the lease form no longer has the U.S. Bancorp name on the document itself, and there is an attempt to make it look like it is a generic lease that was subsequently acquired by Plaintiff.  While additional discovery is expected to show that the document in question is one created and distributed by Lyon Financial, the face of that document makes it pretty obvious.  Specifically, while the references to Lyon Financial and US Bancorp were generally removed from the documents signed by the Christian Tse Defendants, the enforcement provision still contains a forum selection clause that states that all litigation must be in <u>Minnesota</u>.  *See* Seanor Affidavit, Exhibit A, ¶15.   There is no other logical explanation for that term other than the fact that the lease is a form document that originated with Lyon Financial and was distributed to others who acted as its agent in procuring leases.

There is no dispute that the Christian Tse Defendants never negotiated with or contacted Lyon Financial directly, and the relationship between them was as a result of Proquest.  Furthermore, there is no dispute that Plaintiff is in the best position to prevent the type of harm that occurred in this case.  The prior settlement agreement between Plaintiff and Proquest is evidence that Plaintiff acknowledges that the facts occurred exactly as stated by the Christian Tse Defendants.  The wrongdoer in this case absconded

with money owed to Plaintiff.  The Christian Tse Defendants did not do anything wrong.

They negotiated and received an agreement for the rescission of the lease, and they

performed as instructed by the party they reasonably believed was the Plaintiff's agent.

As in *Riccobon*i, it was reasonable for the Christian Tse Defendants to rely on Proquest

and Plaintiff should be left to its remedy against the wrongdoer.

## C.   <u>Alternatively, the Case Should be Dismissed for Lack of Personal Jurisdiction.</u>

There is no dispute that, absent the contract, this case does not belong in

Minnesota.  None of the defendants had any deliberate contact with Minnesota and none

of the operative events took place in Minnesota.  Under normal Constitutional and

statutory considerations, those facts result in no personal jurisdiction.  The only question,

therefore, is whether the boilerplate language contained in the later paragraphs of the

lease document are sufficient to override the normal protections.

Most of the Minnesota jurisprudence on this issue appears to involve Lyon

Financial.  Judge Frank previously identified nine considerations in enforcing forum

selection clauses in *Lyon Financial Services, Inc. v. Nowobilska Medical Center, Ltd*,

2005 WL 3526682 (D.Minn.  2005).  As stated therein:

> In determining whether a forum selection clause is reasonable, Courts have looked
> at factors such as (1) the law governing the contract; (2) where the contract was
> executed; (3) where the transactions are to be performed; (4) the availability of
> remedies in the designated forum; (5) the public policy of the initial forum state;
> (6) the location of the parties, the convenience of prospective witnesses, and the
> accessibility of evidence; (7) the relative bargaining power of the parties and the
> circumstances surrounding their dealings; (8) the presence or absence of fraud,
> undue influence, or other extenuating circumstances; (9) the conduct of the parties.

*Id.* at 3-4.

In general, the Lyon Financial cases on the issue upholding jurisdiction involve a lessee who stops making payments and possibly claims a defect with respect to the leased property, even though the language of the lease makes it clear that such claims can only be made against the vendor of the equipment.  This is not such a case.  The Christian Tse Defendants assert that the forum selection clause has little or no relevance because the contract was rescinded.  Thus, the issue is not performance under the contract.  Instead, the issue is whether any contract exists and whether the Christian Tse Defendants are liable in light of the deliberate wrongdoing of Plaintiff's representatives.  That dramatically affects the analysis.

The elements for analyzing the forum selection clause and the resolution are as follows:

1.  <u>The Law Governing the Contract.</u> The contract itself is not the issue in the litigation, as the focus will be on principles of agency and possibly fraud.  Thus, this element favors Defendants.

2.  <u>Where the Contract was Executed.</u> The lease that was executed was signed in California and thereafter was  purportedly assigned to an entity in Minnesota.  This element favors Defendants.

3.  <u>Where the Transactions are to be Performed.</u>  At the time the initial lease was signed, the Christian Tse Defendants were to perform in California and the Lessor was subject to change.  This element favors Defendants.

4.  <u>The Availability of Remedies in the Designated  Forum.</u> This issue appears to be neutral, and that is probably the case for most civil actions.

5.  <u>The Public Policy of the Initial Forum State.</u>  Minnesota case law has a policy against enforcing forum selection clauses that are unfair or unreasonable.  *Id.* at 6.  This element, therefore, favors Defendants.

6.  <u>The Location of the Parties, the Convenience of Prospective Witnesses, and the Accessibility of Evidence.</u>  This item weighs completely in favor of the Christian Tse Defendants.  Proquest has not responded to the Complaint and, as a result, it will not be possible to compel its witnesses to appear.  While it is possible that those witnesses will not be located regardless of venue, there is a greater likelihood that an action in California will facilitate the parties in obtaining that discovery.  Furthermore, Minnesota witnesses will primarily testify that Lyon Financial has not been paid, a fact that has already been admitted.

7.  <u>The Relative Bargaining Power of the Parties and the Circumstances Surrounding Their Dealings.</u>  This element also strongly favors the Christian Tse Defendants.  Christian Tse Corporation is a husband and wife company that relied on Plaintiff's agents and representatives to handle the transaction.

8.  <u>The Presence or Absence of Fraud, Undue Influence, or Other Extenuating Circumstances.</u>  Certainly the misappropriation of $45,000 constitutes at least extenuating circumstances, if not fraud.  This is not a routine case about a failure to pay.

9.  <u>The Conduct of the Parties.</u>  The Christian Tse Defendants did everything that was required of them.  In fact, they are now obligated and are paying a lease to Bank of America for the equipment in question.  In other words, the Christian Tse Defendants

have done nothing other than follow the directions of others and find themselves faced with the prospect of paying twice for the same equipment.

**D.     The Case Should be Transferred Pursuant to 28 U.S.C. §1404.**

The alleged consent to venue fails for the same reasons previously discussed. Specifically, there is no enforceable contract and, therefore, no enforceable venue selection provision.  Regardless of the contract, a transfer is still appropriate.

Not surprisingly, Lyon Financial also dominates the jurisprudence on this issue. When the case involves a mere failure to make payment or a dispute regarding the performance of the leased equipment, Minnesota Courts tend to uphold Minnesota venue. In cases involving other disputes, however, the result is different.

In *Lyon Financial Services, Inc. v. Powernet, Inc.*, Judge Tunheim considered a similar case that involved factual disputes regarding the true terms of the agreement.  The Court granted transfer under 28 U.S.C. §1404 (a) while noting that: (1) the lessor was the only party with any tie to Minnesota; (2) all other parties and relevant events occurred in Nevada; (3) the disputed contract was negotiated, executed and performed in Nevada; (4) the factual disputes regarding the terms of the agreement all arose in Nevada; and (5) a relevant factor in any interest of justice analysis is the relative ability of the parties to bear the expense of litigating in a distant forum.  *Id.* at 3-4.  All of those factors apply equally in this case.  Furthermore, in *Lyon Financial Services, Inc. v. Reno Spark Association of Realtors,* 2004 WL 234405 (D.  Minn.), Judge Tunheim was presented with similar facts and again reached the same conclusion.

This is not a simple case involving the breach of a lease agreement and no other relevant factors.  Instead, this case involves Defendants who did nothing wrong and are currently making lease payments for the equipment in question.  The problem arises from the fact that Plaintiff empowered others to enter into lease transactions on its behalf and one of those people took the money that was intended for Plaintiff.  The facts justify an award of summary judgment, and, at a minimum, a dismissal or transfer such that the matter can be resolved in Southern California.

## CONCLUSION

The matter was properly removed based upon the face of the Complaint, and Plaintiff is not allowed to manipulate federal jurisdiction by changing its claim.  Furthermore, the undisputed facts require the Court to grant summary judgment in favor of the Christian Tse Defendants.  Alternatively, the Court should retain subject matter jurisdiction, but dismiss based on lack of personal jurisdiction or transfer to a more convenient forum.

**KRETSCH & GUST, PLLC**

Dated: __11/12/2008___            __s/ Robert A. Gust_____
                                  Robert A. Gust (#0158847)
                                  Anne K. Lindberg (#0388062)
                                  5151 Edina Industrial Blvd. Suite 650
                                  Minneapolis, MN  55439
                                  (952) 831-3910
                                  F: (952) 831-0088
                                  *Attorneys for the*
                                  *Christian Tse Defendants*