UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lyon Financial Services, Inc.,
a Minnesota corporation, doing
business as US Bancorp Business
Equipment Finance Group,

    Plaintiff,

v.

    ORDER
    Civ. No. 02-4215(MJD/JGL)

Carl Riccoboni, MD,

    Defendant.

---

Kevin K. Stroup, Stoneberg, Giles and Stroup, for and on behalf of Plaintiff.

Robert A. Gust, Hellmuth & Johnson, PLLC, for and on behalf of Defendant.

---

The above-entitled matter comes before the Court upon the Report and Recommendation of Chief United States Magistrate Judge Jonathan Lebedoff dated May 2, 2003, in which he denied the parties motions for summary judgment, and transferred the case to the Northern District of California. Both parties have filed objections to the Report and Recommendation.

Pursuant to statute, the Court has conducted a <u>de novo</u> review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Upon review, the Court has determined that it will not adopt that portion of the Report and Recommendation dated May 2, 2003 in which the Magistrate Judge found that genuine issues of material fact precluded both parties' motions for summary judgment.

1

FILED _____ ...503
RICHARD D SLETTEN, CLERK
JUDGMENT ENTD _____
DEPUTY CLERK _____

EXHIBIT 1

For a detailed recitation of the facts, the Court refers to the Report and Recommendation. The crux of this case is whether the contract at issue became effective. The Defendant, Dr. Riccoboni, asserts that he accepted the laser on a trial basis, and that based on the representations of the US Medical Sales Representative, Anthony Mott, the lease agreement would not become effective if, prior to the end of the trial period, he communicated his non-acceptance. To support his claim, Defendant has submitted the declaration of Mr. Mott, in which he affirms that "[t]here were no strings attached to the trial arrangement other than Dr. Riccoboni agreed to pay shipping costs on return of the laser." Mott Declaration, ¶ 6. Defendant has also submitted an e-mail message sent to him by Mott on February 6, 2002, reaffirming the 60-day, no obligation trial period. Defendant Exhibit 3. Defendant asserts that he contacted Mott prior to the end of the trial period, and informed Mott of his decision not to buy the laser. Mott confirmed that Defendant did notify him prior to the end of the trial period of Defendant's non-acceptance.

At summary judgment, Defendant argued that as the lease was subject to a condition precedent, the lease agreement at issue in this case did not come into effect. The Magistrate Judge agreed. "The Court finds that on its face, the lease was subject to a condition precedent. Specifically, the lease did not come into effect because Defendant never stated during the trial period that he wanted the laser. In fact, the evidence is uncontroverted that Defendant stated that he did not want the laser." Report and Recommendation, p. 15.

2

Nonetheless, the Magistrate Judge denied summary judgment on the basis that a question of fact existed as to whether Mott had apparent authority to bind US Bancorp to the trial period. This Court finds, however, that the record demonstrates no genuine issue of material fact in this regard. At the top of the lease agreement is the logo of US Medical. In addition, Defendant believed that US Medical and US Bancorp were related, given the similarity of the corporate names. Riccoboni Declaration, ¶ 5. Also, Defendant had contact only with Mott; at no time did he have contact with anyone from US Bancorp. Finally, the lease provides that the term was for 60 months, but that monthly rental payments were due for months 3 through 62. These terms are consistent with Defendant's understanding that the lease was subject to a 60 day trial period. Based on these facts, it was reasonable for Defendant to rely on Mott's representations. See, Bergstrom v. Sears Roebuck Co., 532 F. Supp. 923, 933 (D. Minn. 1982)("The doctrine of apparent authority holds that where a principal has, by his voluntary act, placed an agent in such a situation that a person of ordinary prudence conversant with business usages and the nature of the particular business is justified in assuming that such agent has authority to perform a particular act and deals with the agent upon that assumption, the principal is estopped as against such third person from denying the agent's authority; he will not be permitted to prove that the agent's authority was, in fact, less extensive than that with which he was apparently clothed.)

To successfully oppose this aspect of Defendant's motion for summary judgment, Plaintiff was required to submit evidence that would demonstrate the existence of a genuine issue of material fact that would preclude summary judgment. Plaintiff failed to

submit any such evidence, however. In addition, Plaintiff has not submitted an affidavit pursuant to Federal Rule of Civil Procedure 56(f) that provides Plaintiff has been unable to obtain discovery to successfully oppose summary judgment. Defendant is thus entitled to summary judgment.

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Summary Judgment [Doc. No. 9] is DENIED; and
2. Defendant's Motion for Summary Judgment [Doc. No. 14] is GRANTED. This case is hereby dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: 6-6-03

_____
Michael J. Davis
United States District Court

4

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314) 539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd