UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lyon Financial Services, Inc., a
Minnesota company, d/b/a
US Bancorp Manifest Funding
Services with its principal place
of business in Marshall, Minnesota,

       Plaintiff,

v.                                        MEMORANDUM OPINION
                                        AND ORDER
                                        Civil No. 08-5386 (MJD/AJB)

Christian Tse Corporation; Christian
Tse, personally, Victoria Tse, personally;
and JBP International, Inc. d/b/a Proquest
Solutions, jointly and severally,

       Defendants.

_____

       Ronald E. Seanor, Stoneberg Giles & Stroup, P.A. for and on behalf of Plaintiff.

       Robert A. Gust and Anne K. Lindberg, Kretsch & Gust, PLLC for and on behalf of Defendants.

_____

       This matter is before the Court upon Plaintiff's motion to remand, and Defendants' motion for summary judgment, dismissal or transfer.

**FACTUAL BACKGROUND**

       Plaintiff Lyon Financial Services, Inc., d/b/a US Bancorp Manifest Funding

1

Services ("Lyon Financial") and Defendants Christian Tse Corporation, Christian Tse and Victoria Tse (the "Christian Tse defendants") are parties to a lease finance agreement concerning certain equipment. Defendant JBP International, Inc. d/b/a Proquest Solutions ("Proquest") originally contacted the Christian Tse defendants in order to sell them said equipment. Proquest had suggested that the Christian Tse defendants lease the equipment because it could offer a favorable interest rate. Proquest then arranged to provide the Christian Tse defendants lease documents through Fernwood Capital.

Christian Tse Corporation entered into the lease agreement, and Christian and Victoria Tse each signed personal guarantees. After the lease was signed, the Christian Tse defendants determined that they could get a better interest rate from its own bank, and arranged, through Proquest and Fernwood Capital, to change the financing from Lyon Financial to Bank of America. The Christian Tse defendants assert that Proquest sent a letter, informing them that Lyon Financial would agree to rescind the lease for a payment of $45,000 and directed that the funds be sent to Proquest. The Christian Tse defendants assert that a check was sent to Proquest in said amount, but that Proquest never forwarded the payment to Lyon Financial. It is Lyon Financial's position that the lease is in force and that

the Christian Tse defendants have not made payments as required by said lease.

The amount demanded in Lyon Financial's Complaint is $62,640.90 plus costs and attorneys fees. Based on the amount asserted, and the fact that the parties are diverse, the Christian Tse defendants removed the action from Minnesota state court. Lyon Financial now moves to remand, asserting the amount in controversy has not been met. The Christian Tse defendants oppose remand and moves for summary judgment.

Remand

Remand to state court is proper if the district court lacks subject matter jurisdiction over the asserted claims. 28 U.S.C. § 1447(c). In reviewing a motion to remand, the court must resolve all doubts in favor of remand to state court, and the party opposing remand has the burden of establishing federal jurisdiction by a preponderance of the evidence. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1983)(citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3rd Cir. 1987) cert. dismissed 484 U.S. 1021 (1988)). In determining the propriety of remand, the Court must review the plaintiffs' pleadings as they existed at the time of removal. See Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939); Crosby v. Paul Hardeman, Inc., 414 F.2d 1, 3 (8th

Cir. 1969).

In determining the amount in controversy, the Court begins its analysis with the principle that the amount claimed by a plaintiff ordinarily controls in determining whether jurisdiction lies in federal court. Zunamon v. Brown, 418 F.2d 883, 885 (8th Cir. 1969)(citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-289 (1938)). Nonetheless, "the plaintiffs allegations of requisite jurisdictional amount are not necessarily dispositive of the issue." Id. The reasonableness of attorney's fees will be determined by taking into consideration the amount of damages claimed and the complexity of the case. See Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998); Shimsky v. Ford Motor Co., 170 F.R.D. 125, 127 (E.D. Pa. 1997) (attorney fees totaling six times the amount of damages claimed not reasonable).

The Christian Tse defendants assert that removal was proper, because the requisite jurisdictional amount of $75,000 is met in this case when the Court includes attorney's fees. To meet or exceed the jurisdictional amount, Lyon Financial's attorneys fees would have to exceed $12,359.00. The Christian Tse defendants assert that given the type of claim asserted, a reasonable attorney's fee will likely exceed this amount. In support, the Christian Tse defendants

submitted the declaration from its attorney who represented a different defendant in an action brought by Lyon Financial, and that attorney's fees in that case were $9,260.15.  The Christian Tse defendants assert, however, that case did not involve any depositions, settlement conferences, trials or appeals.  By contrast, the Christian Tse defendants asserts that it anticipates taking at least five depositions and that Lyon Financial will take at least two depositions.  Add to that settlement conferences, motions etc., attorney's fees will likely exceed $12,359.00.

In response, Lyon Financial asserts that its attorneys bill $125 per hour, and would therefore have to expend 98.8 hours to bill $12,359.00, and that that is unlikely to happen in this case.  Lyon Financial has also submitted a stipulation that its attorney's fees will not exceed $12,359.  See Seanor Aff., ¶ 6 (wherein counsel stipulates and agrees to cap attorney's fees at $12,359.00).

Lyon Financial also asserts that remand is proper, because the lease at issue contains a forum selection clause.  The Christian Tse defendants assert that the lease was rescinded, therefore it would be improper to remand on that basis.  Lyon Financial responds, however, that communications between the parties indicate that the lease was not rescinded.  Prior to bringing this lawsuit, the

Christian Tse defendants are alleged to have told Lyon Financial that they did not pay Proquest $45,000, or directed any other person to make such a payment to Proquest, and that Christian Tse understood that payments were to be made to Lyon Financial.  Stibbe Aff. ¶¶ 4 and 5.

Finally, Lyon Financial argues that remand is proper because the Christian Tse defendants did not seek consent from all defendants prior to removal as required by the removal statute, 28 U.S.C. § 1446(b).  Specifically, the Christian Tse defendants did not seek the consent of Proquest.  See Pritchett v. Cottrell, Inc., 513 F.3d 1057, 1062 (8th Cir. 2008).  Generally, there must be some timely filed written indication from each served defendant, or someone acting on the defendant's behalf, indicating consent to remove.  Id.  In this case, service was accomplished on Proquest on May 5, 2008.  The notice of removal was filed on October 7, 2008, but Proquest has not filed any written indication that it consents to removal.

In response, the Christian Tse defendants assert that Proquest has not filed an answer or other responsive pleading in this case.  Furthermore, it appears that Proquest no longer exists.  See Notice of Removal, ¶ 4 (Proquest listed as "suspended" on California Secretary of State website.)  As such, it is a nominal

party whose consent prior to removal is not necessary.

The Christian Tse defendants do not provide the Court any authority to support its position that Proquest is a nominal party given the particular facts of this case that Proquest appears to be the principal wrongdoer by keeping the $45,000 that was to be forwarded to Lyon Financial. In addition, Lyon Financial asserts that although Proquest is listed as suspended on the California Secretary of State website, such website nonetheless lists the name and address of Proquest's agent for service of process. The record also shows that the Christian Tse defendants did not even attempt to contact Proquest until after the notice of removal was filed. The fact that a corporation is listed as "suspended" on the SOS website indicates that the corporation has failed to file required documents with the SOS; it does not mean that the corporation has ceased operation or has no assets. Seanor Aff., Ex. 5. Since the Christian Tse defendants failed to even attempt to contact Proquest for consent, Lyon Financial argues the removal is ineffective and this case should be remanded to Lyon County.

As there is insufficient evidence in the record as to whether Proquest has ceased operations or has assets, or is an ongoing business, the Court cannot determine whether removal was ineffective based on the lack of Proquest's

consent.

Assessing the amount in controversy from the Plaintiff's perspective, as the law requires, the Court finds that attorney's fees would not exceed $12,359. The case does not involve complex issues, and in addition to counsel's stipulation to cap fees at $12,359, counsel for Lyon Financial informed the Court that it has represented Lyon Financial in similar cases a number of times, and that its fees rarely exceeded $5,000.

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Remand [Doc. No. 5] is GRANTED. This matter is hereby remanded to the Minnesota State District Court, Lyon County.

Defendants' Motion for Summary Judgment, Dismissal and Transfer [Doc Nos. 11 and 16] are dismissed without prejudice.

Date:  July 2, 2009

                                                  s/ Michael J. Davis
                                                  Michael J. Davis
                                                  Chief Judge
                                                  United States District Court